### J. W. CLEMENT CO. v. BROWN FOLDING MACH. CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

#### No. 141.

1. APPEAL AND ERROR (§ 859*)—REVIEW—QUESTIONS OF FACT.

    The weight of the evidence cannot be reviewed on a writ of error.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3441–3445; Dec. Dig. § 859.*]

2. FRAUDS, STATUTE OF (§ 158*)—SALES—ACTIONS FOR PRICE—ADMISSIBILITY OF EVIDENCE.

    In an action for the purchase price of a machine, alleged to have been built to order, and for extra work involved in changing the size of the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

machine after work on it had begun, where defendant pleaded the statute of frauds, the plans and blueprints according to which the machine was built were admissible to corroborate the testimony of witnesses that it was built to order, and to support the allegations as to the claim for extra work.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 373–376; Dec. Dig. § 158.*]

In Error to the District Court of the United States for the Western District of New York.

This cause comes here on appeal from a judgment of the District Court, Western District of New York, entered upon the verdict of a jury in favor of defendant in error, who was plaintiff below. The action was brought to recover the purchase price of a certain folding machine. Affirmed.

Vernon Cole, of Buffalo, N. Y., for plaintiff in error.

August Becker, of Buffalo, N. Y., for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. [1] There was a sharp controversy between the two principal witnesses as to whether the contract alleged in the complaint—an oral one—was or was not made. Defendant contends that the verdict of the jury was contrary to the weight of evidence, but that question does not come here on writ of error. If they credited plaintiff's witness, as they manifestly did, there was sufficient evidence to sustain their verdict.

[2] The only assigned error which need be considered relates to the admission of testimony. It is asserted that the machine was not of the ordinary stock design, but was of special construction. Plaintiff was allowed to introduce in evidence plans and blueprints according to which the machine was built. The trial judge seems to have admitted this testimony on the theory that it tended to show good faith on the part of the plaintiff. Without considering the sufficiency of that ground of admission, we think the testimony was competent. The statute of frauds was pleaded in defense, and it was necessary for plaintiff to show that the machine was not in stock, but was built specially to order. The testimony was corroborative of the statements of the witnesses that it was so built. Moreover the complaint included a claim for extra work involved in changing the size of the machine after work on it had begun; the testimony objected to tended to support the averment that such change was made.

The judgment is affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes